**Xiu Lian HU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71110.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM**

Xiu Lian Hu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision summarily affirming the immigration judge's order denying her applications for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zhang v. Gonzales,* 408 F.3d 1239, 1244 (9th Cir.2005), and we deny the petition for review.

Hu contends that the Court should grant relief based upon the persecution of Hu's close relatives (mother's sterilization and sister-in-law's insertion of an intrauterine device and abortion); however, we have declined to extend automatic asylum eligibility to the children of forcibly sterilized parents. *See id.* at 1245. Also, Hu testified that she applied for asylum so that she could remain in the United States legally and take care of her two children (who would remain in the United States if she had to return to China). Hu testified that she wants more children.

Neither this testimony, nor any other evidence in the record, compels the conclusion that Hu showed an objective basis for her belief that she would be persecuted. *See Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000) (holding that petitioner must provide "credible, direct, and specific evidence" to satisfy the objective component of a well-founded fear of future persecution claim).

Because Hu failed to establish eligibility for asylum, she necessarily failed to meet

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

 Hu also failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured by authorities or individuals acting in an official capacity if she returned to China. *See* 8 C.F.R. § 208.16(c)(2).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**